UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HITHAN ABUHOURAN, | CASE NO. 4:06 CV 2243 |
| Petitioner, | JUDGE DAVID A. KATZ |
| v. | |
| | OPINION AND ORDER |
| T.R. SNIEZEK, WARDEN F.C.I. ELKTON, | |
| Respondent. | |

The above-captioned petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 on September 18, 2006 by pro se petitioner Hithan Abuhouran. Mr. Abuhouran, who is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), challenges the Bureau of Prisons' (BOP) calculation of credit to which he claims he is entitled on his sentence. For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

Mr. Abuhouran was sentenced on August 19, 1997 to 188 months in prison on federal charges of bank fraud and money laundering. Five years later, he was indicted on charges

he claims were related to his 1997 sentence. He pleaded guilty to Count 1 of the indictment, conspiracy to commit perjury, and entered into a plea agreement with the government. Mr. Abuhouran alleges that under the terms of the plea agreement he would serve "5 years . . . which is the maximum by statute, 3 years to be concurrent with the imposed sentence of 1997, and 2 years consecutive to the old sentence." (Comp. at ¶2.) He claims that on November 13, 2003 the court imposed this sentence "in accordance with the plea agreement pursuant to Rule 11 e (C)(1) which is binding on all parties." (Comp. at ¶3.) He "returned from his writ back to his original designated institution of F.C.I., Elkton" on March 2, 2004.[1]

In the early part of May 2004, Mr. Abuhouran received data from the Inmate Systems Management at F.C.I. Elkton which reflected a computation of his sentence that was "inconsistent with policy statement and the binding guilty plea between all parties." (Comp. at ¶5.) Later that month, he began filing his administrative appeals, all of which was denied. He does not state the basis upon which the BOP denied his request, but includes the National Inmate Response which states only that: "You provide no new information in this matter beyond that which you supplied in your Request for Administrative Remedy at the institution and regional levels.. . . Your appeal is denied" (Letter from Watts to Abuhouran of 9/27/04).

In his petition before this court, Mr. Abuhouran complains that the BOP has deprived him of additional good time credit on the concurrent term of his sentence, "[w]hich [is] in excess of Seven months of good time credit the plaintiff . . ." (Compl. at 1.)

*28 U.S.C. § 2241*

---

[1] The court presumes that the "writ" to which Mr. Abuhouran is referring is a writ of habeas corpus ad prosequendum.

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). This case clearly involves a challenge to the manner in which the BOP is executing Mr. Abuhouran's sentence.

Whenever a prisoner seeks review of the BOP's calculation of his release date, he must first exhaust his administrative remedies within the BOP. See United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir.1992), cert. denied, 507 U.S. 1019 (1993); Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). A review of the attachments clearly indicates that Mr. Abuhouran has fully exhausted his administrative remedies and that this court has subject matter jurisdiction over his petition.

*Analysis*

Mr. Abuhouran claims that under the terms of the plea agreement in which he entered he is entitled to have 3 years of his 5 year sentence run concurrently with the 1997 sentence, which ends on December 17, 2010. He claims that the remaining 24 months of his five-year sentence should run consecutively to the sentence ending in 2010. It is his belief that F.C.I. Elkton and its warden "made [sic] error in calculation of plaintiff['s] second sentence where they deprived plaintiff of a statutory good time on the concurrent part of the new sentence." (Compl. at 5.) Mr. Abuhouran outlines the conflict between his sentence computation and the BOP's, as follows:

> Date Computation began 05/07/2008, this as per the Bureau of Prisons calculation.
>
> Statutory release date projected 09/13/2012, also this per B.O.P. calculations.
>
> The Bureau of Prisons at F.C.I. Elkton should have calculated the sentence differently to comply with the statutory correct entent [sic] and interpertation [sic]. The correct and requested calculation should be as followes [sic]:
>
> Date Computation began 10-07-2007
>
> Statutory release date 12-13-2011

(Compl. at 6.) Mr. Abuhouran maintains that his calculation provides him full good time credit on the "entire 6 months second sentence and in accordance with the correct interpertation [sic] of the statute govern [sic] sentencing computations."(Compl. at 6.) He argues that the BOP has calculated his 2003 sentence in a manner which violates "the binding guilty plea" and is contrary to the legislative intent of the statute.

*Sentence Credit*

To the extent Mr. Abuhouran is asserting that he is entitled to credit on his 2003 sentence based on its relationship to the 1997 sentence, the relevant statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). Based on the facts alleged, however, during the time petitioner was in

custody awaiting sentencing until 2003, he was still serving his unexpired 1997 sentence. By his own admission, his presence in federal court for the second sentence was accomplished via writ of habeas corpus ad prosequendum.[2] Here, petitioner argues that he is entitled to an earlier release because the federal charge for which he was arrested occurred after the commission of the offense for which his state sentence was imposed. Based on this premise, as well as the fact that Mr. Abuhouran believes that concurrent sentences must commence on the same date, he asserts that the BOP is miscalculating his period of incarceration.

*Sentence Commencement*

The Sixth Circuit has interpreted 18 U.S.C. § 3584 to provide that "multiple terms of imprisonment imposed at different times run <u>consecutively</u> unless the court orders that the terms are to run concurrently" pursuant to 18 U.S.C. § 3584(a). See United States v. Quintero, 157 F.3d 1038, 1040 (6th Cir. 1998). Therefore, whether a sentence runs concurrently or consecutively is strictly within the discretion of the trial court. Although the district court acted within the scope of its authority and exercised its discretion to allow Mr. Abuhouran's sentences to run concurrently, it could not base that decision on 18 U.S.C. § 3585, the sentencing credit statute. The Supreme Court has explicitly held that the authority to award sentence credit under § 3585(b) is granted by Congress to the Attorney General rather than to the sentencing court. See

---

[2] The only function of such a writ is to cause the removal of a prisoner to the proper jurisdiction for prosecution. 28 U.S.C. § 2241(c)(5); United States v. Boyes, 305 F.2d 160, 161 (6th Cir. 1962). A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. Gipson v. Young, No. 85-5158
1986 WL 16497, at *2 (6th Cir. Feb. 6, 1986).

United States v. Abuhouran, 503 U.S. 329, 334 (1992).  Thus, any argument that the BOP is acting in contravention of the district court order that his sentences run concurrently, must fail.

*18 U.S.C. § 3585*

After a district court sentences a federal offender, it is the Attorney General, through the BOP, which has the responsibility for administering the sentence.  See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed").  To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve.  Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of credit to which he is entitled at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.  Id. at 335.

Here, Mr. Abuhouran does not explain (1) why his 2003 sentence should commence on October 7, 2007 rather than May 7, 2008, or (2) why he believes the length of that sentence is 4 years and 2 months versus the 4 years and 4 months calculated by the BOP.  It is not the role of the court to determine the basis upon which he can assert a claim for relief. Although claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241, see Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977), a petitioner must still state a legal basis upon which he asserts his claim.  Vague generalities asserting 'violations of the law' do not sufficiently set forth a claim for relief.  See

6

e.g. Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988)(complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements).

Based on the foregoing, this action is dismissed pursuant 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ David A. Katz
―――――――――――――――――――
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

―――――――――――――――

[3]28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

7